UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MELANIE GOLD

                                                   Plaintiff,

-against-

THE CITY OF NEW YORK, DEPUTY INSPECTOR
EDWARD WINSKI, 14th Precinct, SERGEANT
BRIAN BYRNES, Shield 969, LIEUTENANT FRANK
VIVIANO, Manhattan South Task Force, OFFICER
FRANCISCO DELGADO Shield 20240, POLICE
OFFICERS JOHN DOE and RICHARD ROE (names
and number of whom are unknown at present)

                                                   Defendants.
------------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

**13 CV 2142 (WHP) (KNF)**

**JURY TRIAL DEMANDED**

**ECF CASE**

## PRELIMINARY STATEMENT

1. This is a civil rights action to recover damages arising out of Defendants' violation of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and her rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York. Plaintiff was deprived of her constitutional and common law rights when the Defendants falsely arrested her, employed excessive force, battered and assaulted her, and unlawfully confined her for over 26 hours.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States. Jurisdiction is

conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and (a)(4) and the aforementioned statutory and constitutional provisions. This Court has jurisdiction over the supplemental claims arising under New York State law pursuant to 28 U.S.C. § 1367(a).

## VENUE

3.  Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C § 1391(a), (b) and (c), and because the claims arose in this district.

## PARTIES

4.  Plaintiff Melanie Gold ("Plaintiff" or "Ms. Gold") is a resident of Orange County, State of New York.

5.  Deputy Inspector Edward Winski, 14th Precinct, is and was at all relevant times an employee and agent of the New York City Police Department ("NYPD"). On the date of the incident, he was assigned to the 1st Precinct. Deputy Inspector Winski is being sued in his individual and official capacity.

6.  Sergeant Brian Byrnes, Shield 969, is and was at all relevant times an employee and agent of the NYPD. On the date of the incident, he was assigned to the Manhattan South Task Force. Sergeant Byrnes is being sued in his individual and official capacity.

7.  Lieutenant Frank Viviano, is and was at all relevant times an employee and agent of the NYPD. On the date of the incident, he was assigned to the Manhattan South Task Force. Lieutenant Viviano is being sued in his individual and official capacity.

8.  Officer Francisco Delgado Shield 20240 is and was at all relevant times an employee and agent of the NYPD. On the date of the incident, he was assigned to the Manhattan South Task Force. Officer Delgado is being sued in his individual and official capacity.

9. Defendants John Doe and Richard Roe et al., whose identities are presently unknown to Plaintiff, are and were at all times relevant herein officers, employees and/or agents of the NYPD. They are sued in their individual and official capacities.

10. At all times relevant herein, the individual defendants Deputy Inspector Winski, Sergeant Byrnes, Lieutenant Viviano, Officer Delgado, and John Doe and Richard Roe et al., were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all relevant times, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

11. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

## FACTS

12. On or about April 13, 2012, between approximately 5 and 6 pm, at the intersection of Wall St and Nassau St, New York, NY, Ms. Gold was talking with some friends who were there to protest as part of the Occupy Wall Street demonstrations. That day Ms. Gold was not taking part in the protest and was not carrying any signs.

13. The NYPD members were moving barricades and were telling the protestors and others in the area to move.

14. Ms. Gold and Deputy Inspector Winski had a conversation regarding where Ms. Gold was standing and whether or not she was in the way of where the barricades were being placed.

15. Deputy Inspector Winski then shoved Ms. Gold with his hand.

16. Ms. Gold then asked Deputy Inspector Winski to not touch her.

17. Deputy Inspector Winski denied touching Ms. Gold, and Ms. Gold responded that he did in fact touch her.

18. Ms. Gold then felt a metal barricade shoved into her ribs.

19. After Ms. Gold was hit with the barricade, she yelled at Deputy Inspector Winski, asking him, again, to not touch her.

20. Ms. Gold started walking away, then another police officer, whose identity is presently unknown, told Ms. Gold to go back in the direction towards Deputy Inspector Winski.

21. Ms. Gold complied with the officer's request and started walking towards Deputy Inspector Winski, who was blocking her way. Ms. Gold indicated that she wanted to walk past Deputy Inspector Winski, but he refused to move.

22. After Ms. Gold walked just past Deputy Inspector Winski, she felt her wrist grabbed and her face slammed into a car.

23. Deputy Inspector Winski was the officer who grabbed Ms. Gold's wrist and slammed her face into the car.

24. Three to Four NYPD officers held Ms. Gold down on the hood of a car.

25. At one point the officers holding Ms. Gold down were Deputy Inspector Winski, Lieutenant Viviano, and a third unknown officer, and Sergeant Byrnes looked on from just behind the officers.

26. Subsequently Sergeant Byrnes helped hold Ms. Gold down, and Deputy Inspector Winski walked away from Ms. Gold and the officers.

27. Then Lieutenant Viviano and Sergeant Byrnes continued to hold Ms. Gold down on the hood and placed handcuffs on her.

28. Other unidentified Defendant officers witnessed Deputy Inspector Winski, Lieutenant Viviano and Sergeant Byrnes' assault and battery of Ms. Gold and their use of excessive force, but failed to intervene to prevent or stop the attack.

29. The handcuffs placed on Ms. Gold were tight and caused Ms. Gold pain.

30. Sergeant Byrnes then walked Ms. Gold towards the police vehicle with her hands cuffed. Sergeant Byrnes held Ms. Gold's arms in a painful position. Ms. Gold told Sergeant Byrnes that she was in pain and asked him to change the position in which he was holding her arms, but Sergeant Byrnes did not comply with this request.

31. The arrest report states that officer Delgado was the arresting officer, and Sergeant Byrnes was supervising him and entered the arrest report.

32. Ms. Gold was held in police custody for approximately 26.5 hrs.

33. As a direct and proximate result of Defendants' acts, Ms. Gold suffered violation of civil rights, embarrassment, humiliation, loss of liberty, psychological injury, pain and suffering, including physical pain, emotional distress and mental anguish. Defendants' actions constituted outrageous and reckless conduct, and demonstrated a callous indifference to and willful disregard of Ms. Gold's federal and state constitutional rights.

34. A notice of claim was served on the Comptroller of the City of New York. At least thirty days have elapsed since the service of such notice, and adjustment and/or payment has been neglected and/or refused.

35. A 50-h hearing was held on October 22, 2012.

### FIRST CLAIM FOR RELIEF

### Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

36. Plaintiff realleges each and every allegation set forth above.

37. Sergeant Byrnes, Officer Delgado, and John Doe and Richard Roe et al., who were acting in concert and within the scope of their authority, arrested and caused Plaintiff to be imprisoned without probable cause in violation of Plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States, and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

38. Plaintiff suffered injury as a result of Defendants' conduct.

### SECOND CLAIM FOR RELIEF

### Violation of Plaintiff's Fourth Amendment Right

39. Plaintiff realleges each and every allegation set forth above.

40. The use of excessive force by Defendants Deputy Inspector Winski, Lieutenant Viviano, Sergeant Byrnes, and John Doe and Richard Roe et al., in shoving Ms. Gold, shoving a barricade into her, grabbing her wrist and slamming her into a car, and tightly handcuffing her, and while restraining and placing the cuffs on her was an objectively unreasonable physical seizure of Plaintiff in violation of her rights under the Fourth Amendment to the Constitution of the United States. Other unidentified Defendant officers failed to intervene

to prevent or stop the assault on Plaintiff in violation of her rights under the Fourth Amendment to the United States Constitution.

41. Plaintiff suffered injury as a result of Defendants' conduct.

### THIRD CLAIM FOR RELIEF

### Inadequate Supervision and Training

42. Plaintiff repeats and realleges each and every allegation set forth above.

43. Defendant City of New York failed to train and supervise its officials, employees and agents, including Deputy Inspector Winski, Lieutenant Viviano, Sergeant Byrnes, Officer Delgado, and John Doe and Richard Roe et al., so as to prevent Plaintiff's false arrest and false imprisonment, which resulted in the violation of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

44. Defendant City of New York's failure to train and supervise amounts to deliberate indifference to the rights of persons with whom Defendants came into contact, including Plaintiff.

### FOURTH CLAIM FOR RELIEF

### Assault

45. Plaintiff realleges each and every allegation set forth above.

46. Defendants Deputy Inspector Winski, Lieutenant Viviano, Sergeant Byrnes, and John Doe and Richard Roe et al., acting within the scope of their employment, intentionally, willfully and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact, and intentionally engaged in a violent and/or overt menacing act, which threatened such contact to the Plaintiff, or stood by and

7

failed to intervene when Plaintiff was assaulted, and that such acts caused reasonable apprehension of such contact in the Plaintiff.

47. Defendants Deputy Inspector Winski, Lieutenant Viviano, Sergeant Byrnes, and John Doe and Richard Roe et al., were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD. The City of New York and the NYPD are responsible for the conduct of Deputy Inspector Winski and John Doe and Richard Roe et al.

48. Plaintiff suffered injury as a result of the conduct of Defendants Deputy Inspector Winski, Lieutenant Viviano, Sergeant Byrnes and John Doe and Richard Roe et al.

49. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CLAIM FOR RELIEF

### Battery

50. Plaintiff realleges each and every allegation set forth above.

51. Defendants Deputy Inspector Winski, Lieutenant Viviano, Sergeant Byrnes, and John Doe and Richard Roe et al., acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff when they, in a hostile and/or offensive manner struck Plaintiff, or stood by and failed to intervene when Plaintiff was battered, without her consent and with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such battery.

52. Defendants Deputy Inspector Winski, Lieutenant Viviano, Sergeant Byrnes, and John Doe and Richard Roe et al. were at all relevant times agents, servants, and

employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

53. Plaintiff suffered injury as a result of the conduct of Defendants Deputy Inspector Winski, Lieutenant Viviano, Sergeant Byrnes, and and John Doe and Richard Roe et al.

54. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CLAIM FOR RELIEF

### False Arrest and False Imprisonment

55. Plaintiff realleges each and every allegation set forth above.

56. The acts and conduct of the Defendants Sergeant Byrnes, Officer Delgado, John Doe and Richard Roe et al. constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine Plaintiff, and, in fact, confined Plaintiff, and Plaintiff was conscious of the confinement. Moreover, Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

57. Defendants Sergeant Byrnes, Officer Delgado, John Doe and Richard Roe et al. were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

58. Plaintiff suffered injury as a result of the conduct of Defendants Sergeant Byrnes, Officer Delgado, and John Doe and Richard Roe et al.

59. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SEVENTH CLAIM FOR RELIEF

### Negligent Hiring, Retention, Training and Supervision

60. Plaintiff realleges each and every allegation set forth above.

61. Defendant City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise Deputy Inspector Winski, Lieutenant Viviano, Sergeant Byrnes, Officer Delgado, and John Doe and Richard Roe et al., individuals who were unfit for the performance of police duties on April 13, 2012, at the aforementioned location.

62. Plaintiff suffered injury as a result of the conduct of the Defendant City of New York.

63. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### JURY DEMAND

64. Plaintiff hereby demands trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. That the jury find and the Court adjudge and decree that Plaintiff Melanie Gold shall recover compensatory damages in an amount to be determined at trial against the individual defendants and the City of New York, jointly and severally, together with interests and costs, and punitive damages in an amount to be determined at trial against the individual defendants whose actions constituted outrageous conduct, were reckless, and showed a callous indifference to and willful disregard of Plaintiff's rights as set forth above.

B. That the Plaintiff recover the cost of this suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

C. That the Plaintiff has such other and further relief as the Court shall deem just and proper.

Dated: October 4, 2013
New York, New York

*[signature]*

SIEGEL TEITELBAUM & EVANS, LLP
By Sharon Sprayregen (SS 1478)
Norman Siegel (NS 6850)
Herbert Teitelbaum (HT 7762)
260 Madison Avenue, 22nd Floor
New York, NY 10016
(212) 455-0300
ssprayregen@stellp.com


EMERY CELLI BRINCKERHOFF & ABADY LLP
Earl Ward (EW 2875)
75 Rockefeller Plaza, 20th Floor
New York, New York 10019
(212) 753-5000

*Attorneys for Plaintiff*